

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

Frederick H. Tarr, III
................................................................................................., Plaintiff(s)

v.

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile
................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon ⎯John L. Hamilton, Esquire⎯⎯⎯⎯⎯ ,

plaintiff's attorney, whose address is⎯ 10 Lee Park, Hamilton, MA 01982 ⎯⎯⎯ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

⎯Salem⎯⎯⎯⎯⎯⎯ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of   September           , in the year of our Lord two thousand four

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

*(left margin, rotated text):* NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**COPY**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

<div style="writing-mode: vertical-rl; text-align: left;">
NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.
</div>

Frederick H. Tarr, III

............................................................................................................ , Plaintiff(s)

v.

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile

............................................................................................................ , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __John L. Hamilton, Esquire_____ ,

plaintiff's attorney, whose address is __10 Lee Park, Hamilton, MA 01982_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

—Salem——————————————— either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of September , in the year of our Lord two thousand four



RECEIVED
SEP 7 2004
BOARD OF SELECTMEN
TOWN OF ROCKPORT

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

N-Barletta



(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

Frederick H. Tarr, III
................................................................................................................, Plaintiff(s)

v.

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile
................................................................................................................ , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __John L. Hamilton, Esquire_____ ,

plaintiff's attorney, whose address is_____10 Lee Park, Hamilton, MA 01982_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

———Salem——————————— either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of   September                  , in the year of our Lord two thousand four

*Thomas H. Driscoll Jr.*

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
    defendant, each should be addressed to the particular defendant.

*Wile*

**COPY**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

Frederick H. Tarr, III
......................................................................................, Plaintiff(s)

v.

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile
......................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon John L. Hamilton, Esquire ,

plaintiff's attorney, whose address is 10 Lee Park, Hamilton, MA 01982 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of September , in the year of our Lord two thousand four

*Thomas H. Driscoll Jr.*

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.



(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

<div style="float:left; writing-mode:vertical">
NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.
</div>

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

Frederick H. Tarr, III
........................................................................................, Plaintiff(s)

*v.*

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile
........................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __John L. Hamilton, Esquire__ ,

plaintiff's attorney, whose address is __10 Lee Park, Hamilton, MA 01982__ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___Salem___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of  September  , in the year of our Lord two thousand four

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1660 A

<div style="writing-mode: vertical">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.</div>

Frederick H. Tarr, III
........................................................................................................................................................., Plaintiff(s)

v.

Town of Rockport, Michael Racicot, Nicola Barletta
Charles Clark, Roxanne Tieri and Joanne Wile
........................................................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __John L. Hamilton, Esquire__ ,

plaintiff's attorney, whose address is __10 Lee Park, Hamilton, MA 01982__ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

——Salem——————————— either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 3d
day of September , in the year of our Lord two thousand four



*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

..SSEX, ss.

Frederick H. Tarr, III

Plaintiff(s)

v.

Town of Rockport et al

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

---

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___

N.B.   TO PROCESS SERVER:-
    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
    THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

9/7/05

**COMMONWEALTH OF MASSACHUSETTS**
**THE TRIAL COURT**

ESSEX, SS

SUPERIOR COURT DEPARTMENT
ESSEX SUPERIOR COURT
DOCKET No. 2004-1660 A

Frederick H. TARR III,
of Rockport, Massachusetts

*Plaintiff*

*v.*

The Town of ROCKPORT

And

Michael RACICOT

of Gloucester, Massachusetts,

And

Nicola A. BARLETTA, Roxanne TIERI,

Charles CLARK, and Joanne WILE,

all of Rockport, Massachusetts

*Defendants*

# COMPLAINT

NOW COMES the plaintiff and complains against the defendants and states as follows:

## INTRODUCTION

This action is brought pursuant to M.G.L.A. c.249 §4 as an appeal from an unlawful

order of the Board of Selectmen of the Town of Rockport purporting to discharge the

plaintiff from his position as a Conservation Commissioner of the Rockport Conservation

Commission for cause pursuant to M.G.L.A. c.40 §8C. The plaintiff seeks injunctive relief.

## PARTIES

1. Plaintiff is a citizen and resident of the Town of Rockport and was lawfully appointed to serve as a member of the Conservation Commission of the Town of Rockport to serve a term of three years until June 30, 2006.

2. Defendant Town of Rockport is a political subdivision of the Commonwealth.

3. Defendant Racicot is town administrator of the Town of Rockport.

4. Defendant Tieri is a resident of Rockport and chairperson of the Rockport Board of Selectmen, hereinafter BOS, and was been chairperson at all times pertinent to the matters herein complained of.

5. Defendants Barletta, Clark and Wile are residents of the Town of Rockport and members of BOS and were so at all times pertinent to the matters herein complained of.

6. Defendant Racicot's responsibilities include recommendations to BOS concerning appointments and removals of members of appointed town boards.

7. Defendant Racicot's duties included all communications on behalf of the BOS with plaintiff outside of public hearings.

## HISTORY

8. On May 19th 2004 the Rockport Conservation Commission convened at a regular scheduled meeting.

9. At such meeting the Commission considered an enforcement order concerning the

unpermitted demolition of a historic building.

10. The enforcement order and demolition of the said building were matters within the lawful jurisdiction of the Conservation Commission under M.G.L.A. c.40 §8C, . M.G.L.A. c.131 §40, and the By-laws of the Town of Rockport.

11. The person who had performed the demolition was one Alan Battistelli.

12. Alan Battistelli at the time of the said demolition and on May 19th 2004 was a member of the Rockport Zoning Board of Appeals.

13. There were many members of the public concerned about the demolition at the said meeting of May 19th 2004.

14. The tenor of the audience at said meeting was angry and rancorous.

15. A commissioner announced that the maximum penalty that the commission might impose was Three Hundred Dollars.

16. Many members of the public expressed resentment and anger when such maximum penalty was announced.

17. Plaintiff interjected words to the effect that such penalty was the maximum penalty available for use by the Commission unless the death penalty were reinstated.

18. Another commissioner, one Peter Murray, interjected words to the effect that the electric chair would be preferred.

19. The purpose of the statements of the plaintiff and Murray was to inject joviality and friendliness into the sense of the meeting and to restore calm.

20. The statements had the desired effect and the spirit of anger among the members of the audience was dispelled.

21. Subsequent to the meeting there were a great number of public complaints against

Alan Battistelli.

22. Such complaints had to do with Mr. Battistelli having demolished a historic building without a permit and that action's reflection upon his position as a member of the Zoning Board of Appeals.

23. Mr. Battistelli subsequently, and as a consequence of such complaints, resigned from the Zoning Board of Appeals.

24. Plaintiff was informed by defendant Racicot that his removal for cause from the position of conservation commissioner would be considered by the BOS sitting in executive session on June 8th 2004.

25. At the BOS meeting of June 8th 2004 plaintiff insisted that proceedings concerning his removal be conducted in public.

26. The BOS continued the matter.

27. At the next regularly scheduled meeting of BOS, BOS retired to executive session to discuss the matter of Plaintiff's removal hearing.

28. The BOS returned to public session.

29. Plaintiff in public session at such meeting again demanded that the hearing be held publicly and that he be given notice of the time of said meeting so that he could arrange to have an attorney present to represent him.

30. Defendant Racicot stated that plaintiff would be given seventy two hours notice of such meeting.

31. On July 2d 2004 in the late afternoon plaintiff was notified that the hearing in his matter would be held at the regularly scheduled BOS meeting on July 6th 2004.

32. At the regularly scheduled meeting of July 6th 2004 the BOS retired to executive

session to consider the matter of plaintiff's removal.

33. Plaintiff again demanded that that the hearing be held in Public.

34. Plaintiff was unable to secure the services of counsel in the time period after notice of the hearing was given to him.

35. At the public hearing the BOS voted to remove plaintiff from the position of conservation commissioner.

36. Defendants Tieri, Wile and Clark voted in favor of removal of plaintiff.

37. Defendant Barletta voted against removal of plaintiff.


COUNT I
(DENIAL OF DUE PROCESS)

38. Plaintiff repeats and realleges all of the foregoing allegations as if they were fully contained herein.

39. Defendants unlawfully attempted to hold a statutorily required hearing in executive session.

40. Despite plaintiff's immediate requests that the hearing pursuant to statute be held in public defendants twice more attempted to hold a hearing in executive session.

41. The notice of hearing provided to plaintiff incorrectly described limitations upon the plaintiff's right to be represented by counsel and had a chilling effect on plaintiff's right to be represented by counsel.

42. Defendant Racicot gave plaintiff notice of the July 6th, 2004 hearing as late as possible on the Friday afternoon before the long July 4 weekend.

43. Defendant Racicot intended by giving plaintiff such late notice to interfere with plaintiff's ability to have counsel present at the hearing.

44. Plaintiff was in fact unable to secure the services of counsel to attend the public hearing.

45. BOS Failed to adduce any evidence that said hearing.

46. BOS relied solely upon the statement of charges prepared by defendant Racicot in making their decision at the hearing.

47. The members of BOS acted incompetently at the hearing in that they did not understand their own function at such hearing nor the standard of proof which was to be applied.

48. The members of BOS repeatedly attempted to unlawfully hold the hearing with respect to the removal of plaintiff in executive session in spite of plaintiff's demand that the hearing be public.

49. The members of BOS referred all inquiries from plaintiff concerning the hearing to be held on his removal to defendant Racicot.

50. Defendant Racicot was requested by plaintiff to provide plaintiff with copies of written complaints against plaintiff and all other materials relevant to the charges made against plaintiff.

51. Defendant Racicot refused to provide plaintiff with any materials concerning the charges which had been made against plaintiff.

52. Defended Racicot stated to plaintiff the plaintiff would be allowed to review various documents concerning the charges against plaintiff but only briefly.

53. In its deliberations at hearing BOS stated that its members were considering complaints against plaintiff contained in other undisclosed documents.

54. BOS and defendant Racicot deprived plaintiff of due process.

55. Said actions by BOS and defendant Racicot were made knowingly and intended for the purpose of depriving plaintiff of due process.

## COUNT II
### (INADEQUACY, INSUFFICIENCY, ILLEGALITY AND ABSENCE OF EVIDENCE)

Plaintiff repeats and realleges all of the foregoing allegations as if they were fully contained herein.

56. No evidence of wrongdoing against plaintiff was adduced at hearing.

57. Only evidence supportive of plaintiff was adduced at hearing.

58. Defendant Tieri made statements at hearing as a direct witness to events at the May 19, 2004 conservation commission meeting.

59. Defendant Tieri, after having acted as a witness, did not recuse herself from further participation in the proceedings.

60. The evidence relied upon by BOS in making its decision was inadequate in fact and in law.

61. BOS in making its determination relied upon letters written by absent third parties to absent third parties.

62. BOS in making its determination relied upon information which was not in the record and which was not explained at hearing.

## COUNT III
### (SUPPRESSION OF FREE SPEECH)

Plaintiff repeats and realleges all of the foregoing allegations as if they were fully contained herein.

63. Plaintiff attended the September, 2003 town meeting of the Town of Rockport.

64. One Italo Cannone also attended said meeting.

65. Cannone is a citizen of the Republic of Italy.

66. Cannone is not a citizen of the United States.

67. Cannone at said town meeting distributed literature at an unlawfully close distance from the meeting venue contrary to law.

68. Said literature suggested infliction of bodily harm or death on members of the government of the town of Rockport.

69. Plaintiff reported Cannone's actions to a Rockport police officer who removed Mr. Cannone.

70. BOS considered the complaint of Mr. Cannone about such incident in making their determination with respect to the removal of plaintiff.

71. Said Cannone is a personal friend of defendant Tieri and members of her family.

72. BOS Intended to punish plaintiff for his actions at the September, 2003 town meeting.

73. BOS Considered complaints from parties aggrieved by decisions of the conservation commission.

74. BOS Consider the complaint from the town of Rockport Building Reuse Committee chairperson concerning complaints that plaintiff had expressed, as a citizen and not as a government official, at a public forum held by said Building Reuse Committee.

75. BOS favors the position of the Building Reuse Committee and not the position expressed by plaintiff as a citizen at the said public forum.

76. BOS has on the whole repeatedly expressed a bias in favor of land development and opposed to land conservation and environmental regulation.

77. BOS, in voting to remove plaintiff, intended to punish plaintiff for his conservatyion

commission voting record and for his opinions and for his opposition to other opinions.

78. The actions of BOS hereinabove complained of restrict plaintiff's right to freely

express himself as guaranteed by the Constitutions of the United States and of the

Commonwealth of Massachusetts.

COUNT IV
(MISFEASANCE)

Plaintiff repeats and realleges all of the foregoing allegations as if they were fully

contained herein.

79. At the public hearing considering the removal of plaintiff members of BOS, during

deliberations, made statements concerning their own function in such hearing.

80. Such statements were incorrect as a matter of law.

81. Members of BOS by executing their function as described by members at the hearing

concerning the removal of plaintiff failed to act according to law and to exercise their

proper function.

82. Members of BOS at the hearing concerning the removal of plaintiff considered

information provided to them by close friends.

83. Members of the BOS failed to recuse themselves in spite of the fact that complaints

concerning plaintiff had been made to their board by such close friends.

84. At the hearing of July 6th 2004 members of the BOS purported to make a finding that

plaintiff was unsuited for public service because of a long continuing pattern of rudeness

and offensive conduct to the public.

85. After the hearing was held with respect to plaintiff on July 6th 2004 BOS went on to

the balance of the agenda of its regularly scheduled meeting.

86. Included in such agenda were the matters of reappointment of members to various town committees.

87. Among such committees were the Selectmen's Affordable Housing Advisory Committee and Millbrook Meadow Committee.

88. Members of said committees as alleged in paragraph 87 above served one year terms.

89. All members of both committees as alleged in paragraph 87 about were due for reappointment at the July 6th 2004 meeting.

90. All members of both committees as alleged in paragraph 87 were, in fact, reappointed.

91. Plaintiff was a member of both such committees and was reappointed to both such committees on July 6th 2004.

92. BOS acted improperly in removing plaintiff.

93. Such improper actions of BOS were substantial and prejudicial to plaintiff.


## COUNT V
## (MALFEASANCE)

Plaintiff repeats and realleges all of the foregoing allegations as if they were fully contained herein.

94. The members of BOS Acted to remove plaintiff from his official position for improper motives including:

    a. Avenging the clouded resignation of a member of the Zoning Board of Appeals.

    b. Avenging unwanted events in the conservation commission.

c. Advancing a political agenda, to wit, unrestricted development of land.

95. Such actions by the members of BOS were knowing, deliberate and intentional.

96. Such motives by the members of BOS made a fair consideration of the plaintiff's case both impossible and unwanted.

WHEREFORE your plaintiff prays the Honorable Court to:

Rescind the order of the Defendants in this matter; to order the defendants to dismiss the complaints against the plaintiff or to order defendants to conduct another public hearing in this matter free of the defects complained of; to order defendants not to appoint any person to fill the conservation commission seat held by plaintiff; to award the plaintiff his costs of suit and reasonable attorney's fees; and, to grant such other and further relief as may be appropriate under the circumstances.

DATED at Hamilton, Massachusetts this 2d day of September, 2004.

John L. Hamilton, Esquire
Attorney for Plaintiffs
10 Lee Park
South Hamilton, Massachusetts 01982
Tel. 978 626 1029
bbo 218820