COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                          SUPERIOR COURT DEPT.
                                                    C.A. NO. ESCV2004-1660A

FREDERICK H. TARR, III,

    Plaintiff

v.                                                  ANSWER

TOWN OF ROCKPORT, MICHAEL
RACICOT, NICOLA BARLETTA,
CHARLES CLARK, ROXANNE TIERI and
JOANNE WILE,

    Defendant

## INTRODUCTION

As to the first and second sentence of the introductory paragraph, the complaint speaks for itself.

## PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied.

## HISTORY

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Admitted.

16. Denied.

17. Admitted.

18. Admitted.

19. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

20. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

21. Admitted.

22. Admitted.

23. Denied that Mr. Battistelli resigned. Further answering, the defendants state that Mr. Battistelli withdrew his candidacy for re-appointment to the Zoning Board of Appeals. The defendants are without sufficient information or knowledge to enable them to admit or deny the remaining allegations set forth in this paragraph.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Admitted.

31. Denied. Defendant Racicot notified the plaintiff by telephone on June 30, 2004 and sent him a letter that same day. Admitted that the date of the hearing was July 6, 2004.

32. Admitted.

33. Admitted.

34. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

35. Admitted.

36. Admitted.

37. Admitted.

## COUNT I

## (DENIAL OF DUE PROCESS)

38. The defendant restates and incorporates by reference its responses to Paragraphs 1 through 37.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

61. Admitted.

62. Denied.

## COUNT III

### (SUPPRESSION OF FREE SPEECH)

The defendant restates and incorporates by reference its responses to Paragraphs 1 through 62.

63. Admitted.

64. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

65. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

66. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

67. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

68. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

69. The defendants are without sufficient information or knowledge to enable them to admit or deny the allegations set forth in this paragraph.

70. Admitted.

71. Denied that Mr. Cannone is a personal friend of defendant Roxanne Tieri. Admitted that Mr. Cannone is a personal friend of a member of defendant Roxanne Tieri's family.

72. Denied.

73. Admitted.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT IV

## (MISFEASANCE)

The defendant restates and incorporates by reference its responses to Paragraphs 1 through 78.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied.

91. Admitted.

92. Denied.

93. Denied.

## COUNT V

## (MALFEASANCE)

The defendant restates and incorporates by reference its responses to Paragraphs 1 through 93.

94. Denied.

## FIRST DEFENSE

The plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the individual defendants were carrying out executive, administrative, and law enforcement functions in good faith.

## THIRD DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

## FOURTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiffs' own wrongful acts, reckless misconduct or negligence.

## FIFTH DEFENSE

Plaintiff's action is barred on the basis that plaintiff has an adequate state remedy.

## SIXTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendant.

## SEVENTH DEFENSE

As to some or all of plaintiff's claims under state law, plaintiff has failed to comply with mandatory statutory prerequisites under G.L. c.258, §4 to the maintenance of this cause of action and his action is therefore barred and this Court lacks subject matter jurisdiction over such claims.

## EIGHTH DEFENSE

The defendants are immune from suit pursuant to G.L. c.258.

## NINTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendant to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## TENTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which the defendants were aware, and they enjoy qualified immunity from all liability arising therefrom.

## ELEVENTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

DEFENDANTS,

By their attorneys,

*/s/ Darren Klein/Kgd*
Darren R. Klein (BBO# 567354)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

231809/Rkpt/0075

## CERTIFICATE OF SERVICE

I, Katharine Goree Doyle, hereby certify that on the below date, I served a copy of the foregoing Answer, by first class mail, postage prepaid, to the following counsel of record:

> John L. Hamilton, Esq.
> 10 Lee Park
> South Hamilton, MA 01982

Dated: September 23, 2004       _____
                                Katharine Goree Doyle

232088/Rkpt/0075