UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action NO. 04-12091-NMG

FREDERICK H. TARR, III,

    Plaintiff

v.

TOWN OF ROCKPORT, MICHAEL RACICOT, NICOLA BARLETTA, CHARLES CLARK, ROXANNE TIERI and JOANNE WILE,

    Defendant

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

The plaintiff, Frederick H. Tarr, III ("Tarr"), challenges the decision of defendants Nicola Barletta, Charles Clark, Roxanne Tieri and Joanne Wile, as they are members of the Rockport Board of Selectmen (collectively referred to hereinafter as "Board"), to remove the plaintiff from his position as a commissioner on the Rockport Conservation Commission (RCC). Tarr alleges that the proceedings by which he was removed violated his right to due process (Count I), seeks certiorari review of the proceedings pursuant to G.L. c.249 §4 (Count II), asserts that the removal was undertaken to punish him for exercising his right to free speech (Count III), and claims that the Board's proceedings were conducted with misfeasance (Count IV) and malfeasance (Count V).

The complaint contains a number of fatal procedural and substantive flaws. First, the plaintiff's due process claim (Count I) should be dismissed against the Board because he has an adequate post-

deprivation remedy of which he has availed himself, namely, the certiorari review of the proceedings pursuant to G.L. c.249 §4 (Count II). Moreover, the plaintiff's allegations in the Complaint satisfy the requirements of due process for pre-termination proceedings. The due process claim (Count I) should be dismissed against Town Administrator Michael Racicot because the plaintiff has failed to supply any factual allegations to support a claim upon which relief may be granted against him. The individual defendants are entitled to qualified immunity in their individual capacities in Count I and III because no reasonable person would have believed they were violating the plaintiff's right to due process or free speech. Furthermore, the plaintiff fails to allege that he made a statement which is protected speech under the First Amendment of the United States Constitution and that such protected statement was a substantial or motivating factor in the decision to remove Tarr from the RCC. Counts I and III should be dismissed against the Town of Rockport because the plaintiff has failed to plead the requisite factual allegations to support a theory of municipal liability. Furthermore, the individual defendants are statutorily immune from suit for "misfeasance" or "malfeasance" as both are merely components of a negligence or wrongful conduct claim, which is governed by the Massachusetts Tort Claims Act ("MTCA"), MG.L. c. 258. The plaintiff's claim against the Town of Rockport under M.G.L. c. 258 must fail because the plaintiff failed to allege that he sent a presentment letter under M.G.L. c. 258 §4, a necessary condition precedent to commencing an action under M.G.L. c. 258.

## II. ARGUMENT

### A. Standard of Review for Motions for Judgment on the Pleadings

A motion for judgment on the pleadings, made pursuant to Fed.R.Civ.P. 12(c), tests the legal sufficiency of the complaint. See Furtick v. Medford Housing Authority, 963 F. Supp. 64, 67 (D. Mass.1997). In ruling on a motion for judgment on the pleadings, the court must accept all well-

pleaded facts as alleged in the complaint as true and view them in the light most favorable to the plaintiff. See Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991); Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule (12)(b)(6) motion. Massachusetts Candy & Tobacco Distributors, Inc. v. Golden Distributors, Ltd., 852 F. Supp. 63, 67 (D. Mass. 1994). The court is not bound to accept as true allegations which are conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). Where it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claims, dismissal is proper. See Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968). The pleading rules are "not entirely toothless," Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) and the "minimal requirements are not tantamount to nonexistent requirements." Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991). A plaintiff must set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The plaintiff cannot rely upon "subjective characterizations or unsubstantiated conclusions." Fleming, 922 F.2d at 23. "Empirically unverifiable conclusions, not logically compelled, or at least supported by the stated facts," deserve no deference. United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992); Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989). The deference due the allegations of a complaint does not extend to "self-serving generalities" or "unsubstantiated conclusions." Gilbert, 932 F.2d

at 62.[1] "[O]nly when conclusions are supported by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, [do] 'conclusions' become 'facts' for pleading purposes." The court need not, however, grant credence to 'conclusory allegations, improbable inferences and unsupported speculation". King v. Town of Hanover, 116 F 3d 965, 968 (1st Cir. 1997) quoting Medina-Munoz v. RI. Reynolds Tobacco Co., 896 F2d 5, 8 (1st Circ. 1990) Id. Finally, to plead a justifiable case, a plaintiff must allege a "'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" AVX Corp., supra, 962 F.2d at 113 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

### B. Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted For Violation of His Due Process Rights (Count I)

The plaintiff's complaint fails to explicitly plead the source of his right of due process. For the sake of the within motion, the defendants presume that the plaintiff bases his due process claim on the due process clause of the Fourteenth (14th) Amendment of the United States.[2]

In Count I, the plaintiff asserts that the defendants violated his right to procedural due process by failing to produce evidence against him at the hearing on his removal, relying on a statement of

---

[1] "A reviewing court 'need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990), even when such phantoms are robed by the pleader in the guise of facts. We have been particularly insistent in section 1983 cases to require a fair degree of specificity -- a foundation of material facts -- to survive a motion to dismiss." Gilbert, 932 F.2d at 62 (citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)), Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978).

[2] The plaintiff's complaint does not state whether he is referring to due process rights protected under the U.S. Constitution or Massachusetts Declaration of Rights, or both. The plaintiff makes no allegation in his complaint that the defendants interfered with his constitutional rights by threats, coersion or intimidation. Accordingly, the plaintiff fails to establish a claim under M.G.L. c. 12 §11 H and §11I. Furthermore, under Massachusetts law, a procedural due process claim brought under art. 10 of the Massachusetts Declaration of Rights is subject to the same analysis as one brought under the Federal Constitution. School Comm. of Hatfield v. Board of Educ., 372 Mass. 513, 514 n. 2, 363 N.E. 2d 237 (1977). See Doyle v. Department of Industrial Accs., 50 Mass.App. Ct.42, 45, 734 N.E. 2d 1187 (2000) (procedural protections under the two are **coextensive**).

charges prepared by defendant Racicot, attempting to hold the hearing in executive session and failing to produce the materials supporting the charges against the plaintiff.[3] The plaintiff has failed to state a claim upon which relief may be granted because he has an adequate post-deprivation remedy provided by state law, and, by his own admission, he was afforded the due process required by state law and defendant officials are entitled to qualified immunity.

The Town of Rockport is not subject to liability pursuant to a claim under 42 USC § 1983 which is based on a respondeat superior theory of liability. Monell v. Department of Social Services, 436, U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). The plaintiff's claims against the Town of Rockport ought to be dismissed.

### 1. The Plaintiff Has An Adequate Post-Deprivation Remedy

"[A] procedural due process claim is not actionable unless, inter alia, no adequate 'post-deprivation remedy' is available under state law." See Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir.1994); Burnham v. City of Salem, Mass., 101 F. Supp.2d 26, 35 (D. Mass. 2000). Even if the Board of Selectmen had incorrectly interpreted the law, which, of course, it has not, an incorrect interpretation does not give rise to a deprivation of plaintiff's constitutional right to procedural due process, "so long as the state provides an adequate means of redress." Chiara v. Dizoglio, 248 F.3d 1126 (1st Cir. 2001) (quoting Herwins v. City of Revere, 163 F.3d 15, 18 (1st Cir.1998), cert. denied, 526 U.S. 1087 (1999)). "The failure on plaintiff's part to allege the absence of adequate state court remedies is alone enough to require judgment for the defendants on the procedural due process claim." Burnham v. City of Salem, 101 F. Supp. 2d 26 at 35 (D. Mass. 2000) citing Zinermon v. Burch, 494 U.S. 113 at 125-126, 110 S. Ct. 975 (1990). The defendants

---

[3] The defendants deny these statements and particularly that materials supporting the charges against the plaintiff were withheld from him as being patently false. Nonetheless, for the purposes of this motion and the standard required under Fed.R.Civ.P.12(c), the defendants will treat this specious allegation as if it were true, which it is not.

assert that there is an adequate state court remedy. In this case, the plaintiff has invoked the state remedy, a certiorari review under G.L. c.249 §4 to determine whether the Board had cause to remove Mr. Tarr from the RCC pursuant to G. L. c. 40 §8C. In such a review, the Court examines the record of the proceedings and determines whether the Board engaged in errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public. Massachusetts Bay Transp. Authority v. Auditor of Com., 430 Mass. 783, 724 N.E.2d 288 (2000). If such errors have occurred, the Court is empowered to rectify them. Id.

Pursuant to G.L. c 249 §4, the court has the power to review the actions of the Board of Selectmen for legal error, take action based upon its review and, if appropriate, order defendants, Board, to reinstate plaintiff to the RCC. This state remedy is adequate and thereby precludes a claim for deprivation of procedural due process. Accordingly, Count I of the Complaint should be dismissed as to all defendants.

### 2. The Plaintiff Was Afforded Due Process

In a claim under 42 U.S.C. §1983 based on an alleged procedural due process violation under the 14th Amendment, the plaintiff must plead and prove that the defendant failed to provide plaintiff employee oral or written notice of the charges, an explanation of the evidence and an opportunity to present his side of the story. See Cleveland Board of Education v. Laudermill, 470 U.S. 532, 546, 105 SCT 1487 (1985) and Gilbert v. Homar, 520 U.S. 924, 929, 117 S.C.T. 1897 (1997). In the plaintiff's complaint, Frederick H. Tarr, III admitted that while he sat on the Conservation Commission as a commissioner at a meeting convened on May 19, 2004, he "interjected words to the effect that such penalty [three hundred dollars for the unlawful demolition of a historic building] was the maximum penalty available for use by the Commission unless the death penalty were reinstated". (Complaint Paragraph 17). "Plaintiff was informed by defendant Racicot, [Rockport

Town Administrator] that his removal for cause from the position of conservation commissioner would be considered by the BOS [Board of Selectmen of Rockport] sitting in executive session on June 8, 2004. (Complaint Paragraph 24) Although the plaintiff fails to state the date and method of Mr. Racicot's communication in his complaint, it is clear that this notice preceded June 8, 2004. "At the BOS meeting on June 8, 2004, plaintiff insisted that proceedings concerning his removal be conducted in public". (Complaint Paragraph 25). "At the next regularly scheduled meeting of BOS [i.e. June 22, 2004] BOS retired to executive session to discuss the matter of plaintiff's removal hearing". (Complaint Paragraph 27) "The BOS returned to public session." (Complaint Paragraph 28) On July 2, 2004 in the late afternoon plaintiff was notified that the hearing in his matter would be held at the regularly scheduled BOS meeting on July 6, 2004". (Complaint Paragraph 31) "At the public hearing [of July 6, 2004] the BOS voted to remove plaintiff from the position of Conservation Commissioner". (Complaint Paragraph 35). "At the hearing of July 6, 2004 members of the BOS purported to make a finding that plaintiff was unsuited for public service because of a long continuing pattern of rudeness and offensive conduct to the public." (Complaint Paragraph 84). The defendants assert that the plaintiff's allegations in the complaint show that the pre-termination procedures described by the plaintiff's complaint fulfilled the due process requirements. In O'Neill v. Baker, 290 F 3d 41 (lst Cir. 2000), the Court of Appeals stated "Loudermill [supra] makes clear that the pre-termination hearing need not be elaborate as long as the essential requirements of due process. . . [:] notice and an opportunity to respond", are provided. Loudermill, 470 U.S. at 546, 105 SCT 1487." The Massachusetts open meeting law (M.G.L. c. 39 §23B) permits the Board to hold a meeting in executive session "[t]o consider a dismissal of or to hear complaints or charges brought against a public officer, employee, staff member . . . provided that the individual involved in such executive session . . . has been notified in writing by the governmental body at least forty-

eight hours prior to the proposed executive session .... A governmental body shall hold an open meeting if the individual involved requests that the meeting be open." The plaintiff's complaint avers that he received at least forty-eight hours notice of the meeting. The plaintiff requested that the proceeding against him be held in open session and the Board complied with this request in accordance with this statute. The plaintiff attended the meeting and presented his response. Clearly, a fair reading of the complaint shows that Mr. Tarr received notice of the hearing, an explanation of the charges and an opportunity to present his side of the story. Therefore, his due process rights were satisfied.

### 3. The Individual Defendants Are Entitled to Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from civil liability for money damages when their conduct does not violate 'clearly established' statutory authority or constitutional rights of which a reasonable person would have known." Roldan-Plumey v. Cerezo-Suarez, 115 F.3d 58, 65 (1st Cir. 1997) (quoting Nereida-González v. Tirado-Delgado, 990 F.2d 701, 704 (1st Cir. 1993)); see also Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The U.S. Supreme Court has emphasized the importance of deciding the qualified immunity defense "at the earliest possible stage in [the] litigation." Saucier v. Katz, 533 U.S. 194, 200-201 (2001). The same qualified immunity principles developed under the federal Civil Rights Act, 42 U.S.C. §1983, shield public officials from liability under the MCRA. See Duarte v. Healy, 405 Mass. 43, 47, 537 N.E.2d 1230, 1232 (1989). Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 595, 747 N.E. 2d.729, 746 (2001).

Two issues must be considered: (1) whether at the time of the alleged conduct there was a "clearly established" statutory or constitutional right that was violated; and (2) whether a reasonable

person would have known that [his] conduct violated that right. See Frazier v. Bailey, 957 F.2d 920, 929 (1st Cir. 1992); Landry v. Mier, 921 F. Supp. 880, 884 (D. Mass. 1996).

"With respect to the first inquiry, the plaintiff bears the burden of demonstrating the existence of a clearly established right." Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 228 (1st Cir. 1992). Whether a right is clearly established by the plaintiff is a question of law for the Court. Landry, 921 F. Supp. at 880, 884 (D. Mass 1996). "A right is not 'clearly established' unless, at the time the challenged conduct occurred, 'the contours of the right were sufficiently plain that a reasonably prudent state actor would have realized not merely that his conduct might be wrong, but that it violated a particular right.'" Id. (quoting Martinez v. Colon, 54 F.3d 980, 988 (1st Cir.1995)). In order to defeat government officials' invocation of qualified immunity as a defense, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right in light of the existing law, the unlawfulness must be apparent." Duca v. Martins, 941 F. Supp. 1281, 1287 (D. Mass. 1996) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (emphasis supplied).

The second inquiry considers whether a reasonable person would have known that his conduct violated that right, using the standard of objective reasonableness. See Bailey, 957 F.2d at 929. "The operative inquiry here is not whether the defendants actually abridged a plaintiff's rights, for the mere fact that a violation occurred is not enough to defeat qualified immunity unless it is further demonstrated that the defendants' conduct was unreasonable." Landry, 921 F. Supp. at 885; see also Davis v. Scherer, 468 U.S. 183, 190 (1984); Quintero de Quintero, 974 F.2d at 228.

> The classic question that a qualified immunity defense poses is whether the allegedly violated federal right was established with sufficient clarity that a reasonable government functionary should have conformed his conduct accordingly. See, e.g., Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (reiterating that qualified immunity is meant to shield public officials "from civil damages liability as long as their actions could reasonably have been thought

consistent with the rights they are alleged to have violated"). In answering this question, a court must undertake an objective inquiry into the totality of the circumstances, with a view toward ascertaining whether the right allegedly infringed, articulated at an appropriate level of generality, was settled at the time of the public official's actions, and if so, whether the official's conduct was obviously inconsistent with that right. See id. at 638-40, 107 S.Ct. 3034. In the last analysis, then, qualified immunity purposes to protect government functionaries who could not reasonably have predicted that their actions would abridge the rights of others, even though, at the end of the day, those officials may have engaged in rights-violating conduct. See id. at 639-41, 107 S.Ct. 3034; see also Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (explaining that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999)

In determining whether there was an established right at the time of the alleged violation "the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged". Wiley v. Doory, 14 F3d 993, 995 (4th Cir. 1994). The plaintiff's complaint fails to allege an established right that was unreasonably violated by the defendants in this matter.

### C. The Plaintiff has failed to state a claim upon which relief may be granted for a violation of his Freedom of Speech Rights (Count III)

Count III of the plaintiff's complaint asserts that defendants removed the plaintiff as a Conservation Commissioner in retaliation for the exercise of his right of free speech, in violation of the First Amendment. To establish his claim under §1983 based on a violation of his First Amendment rights, the plaintiff must show that (1) he made a "statement" as a citizen upon a matter of public concern; (2) his and the public's First Amendment interests outweighed the employer's interest in the efficient performance of the workplace and (3) his protected statement was a substantial or motivating factor in an adverse employment action. See Tang v. State of R.I., Dept. of Elderly Affairs, 163 F3d 7, 12 (lst Cir. 1998); O'Connor v. Steeves, 994 F2d 905, 912-12 (lst Cir. 1993). The plaintiff has failed to allege any facts to show that any "protected statement" that he made was a substantial or motivating factor in his removal from the Rockport Conservation

Commission. The plaintiff's complaint refers to alleged "complaints that plaintiff had expressed . . . at a public forum held by said Building Re-use Committee (Complaint Paragraph 74) but fails to allege facts to show that he uttered "a protected statement", for purposes of the First Amendment and that such statement was a substantial or motivating factor in plaintiff's removal from the Rockport Conservation Commission. The plaintiff's allegation in paragraph 77 of the complaint that "BOS, in voting to remove plaintiff, intended to punish plaintiff for his conservatyion [sic] commission voting record and for his opinions and for his opposition to other opinions fails to allege facts and simply amounts to conclusory and unsupported speculation.[4] Count III ought to be dismissed.

### D. The Plaintiff Has Failed to State A Claim for Misfeasance (Count IV) or Malfeasance (Count V)

#### 1. Tort Claims Against the Individual Defendants

Misfeasance is a type of a negligence: the improper doing of an act which a person might lawfully do. Trum v. Paxton, 109 N.E.2d 116, 119 (Mass. 1952). Misfeasance is distinguished from nonfeasance, another form of negligence, which is the omission of an act a person ought to do. Id. Prior to the advent of the Massachusetts Tort Claims Act, G.L. c. 258, this distinction was important, as public officials were liable as tortfeasors "only for their own acts of misfeasance in connection with ministerial matters", and not for any omission or nonfeasance in connection with those same matters. Whitney v. Worcester, 373 Mass. 208, 220 (Mass. 1977) (quoting Fulgoni v. Johnston, 302 Mass. 421, 423 (1939)). Malfeasance is a "comprehensive term including any wrongful conduct that affects, interrupts or interferes with the performance of official duties. Black's Law Dictionary,

---

[4] The defendants do not concede that any alleged statement of the plaintiff referenced in his complaint is a "protected statement" nor that any such statement was a substantial or motivating factor in plaintiff's removal from the Rockport Conservation Commission.

-11-

Fifth Edition (West Publishing 1979). With the enactment of the MTCA, however, liability of public officials or employees for acts of misfeasance or malfesance was subsumed within the Act. See G.L. c. 258, § 2 (noting that public employers would be liable for negligent or wrongful *acts* or *omissions*); see also Jean W. v. Commonwealth, 414 Mass. 496, 507-508 (1993) (abrogating the public duty rule as being inconsistent with the Act, and noting that the distinction between misfeasance and nonfeasance is too flexible to be relied upon in determining the liability of public officials); Whitney, 373 Mass. 208, 221-222 (1977) (stating the Court's intent to abrogate the distinction between misfeasance and nonfeasance in assigning tort immunity to public officials).

Under. G. L. c. 258 §2, a tort action, such as negligence or malfeasance, may only be commenced against a public employer (i.e. the Town of Rockport). This is the exclusive remedy for a negligence claim or malfeasance claim arising out of the alleged acts of a public employee or official in the performance of his/her duty. The public employee shall not be liable for acts of negligence or wrongful conduct committed within the scope of his/her employment. The Massachusetts Tort Claims Act G.L. c. 258 §2 confers immunity from liability on public employees for negligent or wrongful actions committed within the scope of their employment. See McNamara v. Honeyman, 406 Mass. 43, 46 (1989). The claims for misfeasance (Count IV) and malfeasance (Count V) are properly characterized as a claim for negligence or wrongful conduct covered by M.G.L. c. 258.[5] The defendants, board members, were acting within their authority when they conducted an open meeting and voted to remove Mr. Tarr for cause from the RCC pursuant to M.G.L. c. 40 §8C. Therefore, theses counts must be dismissed against the defendants, Michael Racicot, Nicola Barletta, Charles Clark, Roxanne Tieri and Joanne Wile, the public employees.

---

[5] The defendants also assert that if any of their acts were determined to be misfeasance or malfeasance the same are also subject to redress under certiorori review. M.G.L. c. 249 §4. Defendants deny misfeasance or malfeasance in this matter.

### 2. Tort Claim Against Defendant Town of Rockport

In G.L. c. 258 §4, it provides that "a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years . . . ." Presentment is a condition precedent to a suit against a public employer. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 283 (1985). "[S]ummary judgment is properly entered where the plaintiff has not made proper presentment". Alex v. Boston Water and Sewer Comm., 45 Ma. App. Ct. 914, 914 (1998) citing Dattoli v. Hale Hospital, 400 Mass. 175, 180 (1987). In this civil action, the plaintiff, Frederick Tarr, III failed to allege that he made a written presentment to the appropriate executive officer of the Town of Rockport under G.L. c. 258 §4 before commencing this action. Accordingly, plaintiff's alleged claims under Count IV and V must be dismissed as a matter of law.

### III. CONCLUSION

For all of the above stated reasons, the Defendants respectfully assert that the Court ought to allow the Defendants' Motion for Partial Judgment on the Pleadings under F.R.C.P. Rule 12C and dismiss Counts I, III, IV and V of the Plaintiff's Complaint.

THE DEFENDANTS,
TOWN OF ROCKPORT, MICHAEL RACICOT,
NICOLA BARLETTA, CHARLES CLARK,
ROXANNE TIERI and JOANNE WILE,

By their attorney,

Gerald F. Blair
The Law Offices of Gerald F. Blair
One Foxhill Drive, Suite 110
Walpole, MA 02081-4406
Tel (508) 660-9599 Fax (508) 660-9555
B.B.O. #044760

## CERTIFICATE OF SERVICE

I hereby certify that the Defendants' Motion for Partial Judgment on the Pleadings under F.R.C.P. Rule 12(c) and Defendants' Memorandum of Law in Support of Motion for Partial Judgment on the Pleadings under F.R.C.P. Rule 12(c) were served upon John L. Hamilton, Esquire, 10 Lee Park, South Hamilton, MA 01982, attorney for the plaintiff/opposing party by mailing a copy of same, postage prepaid and via first class mail.

Date: May 16, 2005

Gerald F. Blair