UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Docket Number 04-12091-NMG

FREDERICK H. TARR, III

    Plaintiff

v.

TOWN OF ROCKPORT, MICHAEL
RACICOT, NICOLA BARLETTA,
CHARLES CLARK, ROXANNE TIERI
And JOANNE WILE,

    Defendants

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS

Plaintiff has filed an action for judicial review of the proceedings and decision of the Rockport Board of Selectmen in removing him from the Rockport Conservation Commission. That review is sought under M.G.L.A. c.249 §4, the "*certiorari* statute." Review under that statute and relief under that statute are all that plaintiff seeks and such is obvious from a plain reading of the entire complaint. The complaint begins with an introduction that states so and ends with a prayer which seeks nothing other than relief under the statute. Specifically the Plaintiff seeks in the complaint that the court:

> "Rescind the order of the Defendants in this matter; to order the defendants to dismiss the complaints against the plaintiff or to order defendants to conduct another public hearing in this matter free of the defects complained of; to order defendants not to appoint any person to fill the conservation commission seat held

by plaintiff; to award the plaintiff his costs of suit and reasonable attorney's fees; and, to grant such other and further relief as may be appropriate under the circumstances."

Such relief is certainly contemplated by M.G.L.A. c.249 §4 which provides that in proceedings under the statute "The court may enter judgment quashing or affirming such proceedings or such other judgment as justice may require."

The complaint is then styled in five counts. Each count describes a set of circumstances which the plaintiff alleges as a defect in the proceedings by the Board of Selectmen and asserts to be grounds for judicial action to quash the decision of the Board of Selectmen or to grant other relief under the *certiorari* statute.

Plaintiff has not requested any damages in this action nor has he pleaded any cause of action other than one for judicial review of the decision of the Board of Selectmen.

In Part II.B.3. of their memorandum the defendants argue that the individual defendants are entitled to qualified immunity. This issue would have to do with an action seeking civil liability for money damages. The plaintiff has made no claim against the defendants for money damages at all. Plaintiff asserts that qualified immunity is not an issue in this matter which is exclusively an application for judicial review of governmental action.

The Plaintiff in the instant action seeks judicial review of the quasi-judicial action of the Board of Selectmen. He does so under the *certiorari* statute. He states no other cause of action except that under that statute. Under the standard for review in motions

for judgment on the pleadings his complaint properly pleads a claim for rescission of the decision of the Board of Selectmen and the other relief requested.

For this reason the plaintiff requests the honorable court to deny the defendants' motion for judgment on the pleadings.

DATED at Salem, Massachusetts this 30th day of June, 2005

_____
Philip D. Moran, Esq.
265 Essex Street
Suite 202
Salem, MA 01970
(978) 745-6085
B.B.O.#: 353920

## CERTIFICATE OF SERVICE

I, Philip D. Moran, Esquire, attorney for the plaintiff in the above styled matter, hereby certify that I have served a copy of the above memorandum in opposition to defendants' motion for partial judgment on the pleadings upon the attorney for the defendants, Gerald F. Blair, Esquire, by depositing a copy of the same in the United States Postal Service, first class postage prepaid, and addressed to him at his office as follows:

> Gerald F. Blair, Esquire
> The Law Offices of Gerald F. Blair
> One Fox Hill Drive, Suite 110
> Walpole, Massachusetts 02081-4406

DATED at Salem, Massachusetts this 30th day of June 2005.

                                                                              _____
                                                                              Philip D. Moran, Esquire