**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 04-12091-NMG**

**FREDERICK H. TARR, III,**

**Plaintiff**

**v.**

**TOWN OF ROCKPORT, MICHAEL RACICOT, NICOLA BARLETTA, CHARLES CLARK, ROXANNE TIERI and JOANNE WILE,**

**Defendant**

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTIORARI REVIEW

## I. INTRODUCTION.

The plaintiff Frederick H. Tarr III stated in his Complaint that "[t]his action is brought pursuant to M.G.L.A. c. 249 § 4 as an appeal from an unlawful order of the Board of Selectmen of the Town of Rockport purporting to discharge the plaintiff from his position as a Conservation Commissioner of the Rockport Conservation Commission for cause pursuant to M.G.L.A. c. 40 §8C. The plaintiff seeks injunctive relief." Count II (paragraphs 56 - 62) of the Complaint is denominated "(Inadequacy, Insufficiency, Illegality and Absence of Evidence)". Count II challenges the adequacy of the evidence to support the Board of Selectmen's decision to remove the plaintiff for cause. Count II, among the five counts contained in the Complaint, appears to allege a claim for certiorari

review under M.G.L. c. 249 § 4.[1]

The plaintiff requested in his prayer for relief that the court order certain injunctive relief, as well as "costs of suit and reasonable attorney's fees . . . ."

The Supreme Judicial Court provided in *Black Rose, Inc. v. City of Boston*, 433 Mass. 501, 503 n. 1. (2001) that petitions for certiorari review of administrative proceedings under M.G.L. c. 249 § 4 shall be resolved through a motion for judgment on the pleadings. The court stated in *City of Gloucester v. Civil Service Commission*, 408 Mass. 292, 296-297 (1990) "Review under G.L. c. 249 § 4 is limited to correcting 'substantial errors of law that affect material rights and are apparent on the record.' [citation omitted] Since review is confined to the record and is for the purpose of correcting legal error, the inquiry about the presence or absence of genuine issues of material fact germane to the summary judgment procedure, is inappropriate." Accordingly, the Defendants file this Motion for Partial Judgment on the Pleadings Regarding Certiorari Review under F.R.C.P. Rule 12(c) to resolve the Plaintiff's action for certiorari, rather than a Motion for Summary Judgment of Dismissal under F.R.C.P. Rule 56(b).

## II. FACTS SHOWN IN THE CERTIFIED RECORD OF PROCEEDINGS.

On July 6, 2004, the Board of Selectmen of the Town of Rockport, Massachusetts (hereinafter "the Board") voted to remove plaintiff Frederick H. Tarr III as a member of the Town of Rockport Conservation Commission (hereinafter "Commission") for cause pursuant to Mass. General Laws c 40 § 8C. On June 1, 2004, the Rockport Town Administrator gave written notice

---

[1] The defendants previously filed their Motion for Partial Judgment on the Pleadings addressing the other claims alleged in Counts I, III, IV and V of the Complaint. In the Defendants' Memorandum in support of the prior Defendants' Motion for Partial Judgment on the Pleadings, the defendants treated Count II as a claim for certiorari review under M.G.L. 249 §4, distinct from the other counts.

to Frederick H. Tarr III that the Board would hold a hearing on June 8, 2004 to hear complaints or charges brought against a public officer (to wit: Frederick H. Tarr, III) acting in his public capacity as member of the Commission for having made extremely inappropriate comments to attendees at a public hearing. He was advised of his right to be present and to be heard at the hearing. (Certified Record of Proceedings Exhibit B).

On June 30, 2004, the Rockport Town Administrator again gave written notice to plaintiff Frederick H. Tarr III that the Rockport Board of Selectmen would hold a hearing on July 6, 2004 to consider Mr. Tarr's removal for cause under M.G.L. c. 40 § 8C based on reports that in his public capacity as a member of the Commission he showed an on-going pattern of mean-spirited, rude, disrespectful and inappropriate comments to attendees at public meetings and that this behavior had occurred on multiple occasions and thereby exhibited a pattern of inappropriate action on the part of a public official. (Certified Record of Proceedings Exhibit L). This notice to Mr. Tarr itemized several documents which detailed the rude and inappropriate conduct. It also advised the plaintiff of his right to attend and be heard at the hearing. The Certified Record of Proceedings supports the reasons for the Board of Selectmen's vote to remove Frederick H. Tarr III as a member of the Rockport Conservation Commission for cause under M.G. L. c. 40 § 8C .

On May 19, 2004, the Commission held a meeting concerning the unpermitted demolition of a house by a local contractor. In discussing the penalty to be imposed upon the errant contractor, the plaintiff, sitting as a member of the Conservation Commission suggested bringing back the death penalty to punish the contractor. This encouraged another commission member to mention the electric chair for such punishment. These remarks were contained in a letter of complaint to the Board dated May 26, 2004. (Certified Record of Proceedings Exhibit A). They were also reported

in the local newspaper, *The Gloucester Daily Times* dated June 9, 2004 (Certified Record of Proceedings Exhibit F). In a following article, the reporter stated that Mr. Tarr said that the Board's action to hold a hearing to remove him was vengeful and he called the local contractor the Board's "special little friend". (Certified Record of Proceedings Exhibit G). In this newspaper article, Mr. Tarr was quoted as saying "I frankly don't think I made any inappropriate remarks."

In the June 11, 2004 e-mail by Italo Cannone to Alan McMillan, Chairman of the Commission, Mr. Cannone refers to "the continuous incivility shown by Frederick 'Ted' Tarr in many an occasions [sic]. . . ." (Certified Record of Proceedings Exhibit H). In an e-mail by Peter Beacham to the Board Chairperson Roxanne Tieri, Mr. Beacham stated that he was a recipient of vitriolic comments by Mr. Tarr. In reference to Mr. Tarr's death penalty comment, Mr. Beacham said "No citizen should be subject to that kind of abuse at any public hearing." Mr. Beacham urged the Board to "have the courage to set an example of what is expected and what is not allowed by people who serve." (Certified Record of Proceeding Exhibit I).

In the letter by David and Georgia Gibbons to the Board dated June 18, 2004 (Certified Record of Proceedings Exhibit J), they stated that Mr. Tarr "slandered" Ms. Gibbons. Mr. and Mrs. Gibbons stated that Mr. Tarr stated that the Commission had no intention of voting for their project and that a site walk was a waste of time. "We have witnessed instances of other cases where Mr. Tarr made inappropriate comments. These are on audiotapes of those meetings and are available for review." In this letter, the authors point out how "those [citizens] most affected [by rude or inappropriate comments] . . . dare not speak against a member of the Commission."

On July 2, 2004 the Town Administrator, Michael Racicot prepared a memorandum to the Members of the Board regarding his reasoning and recommendation on the subject of removing

Frederick H. Tarr III from the Conservation Commission. The proffered recommendation by the Town Administrator was consistent with and pursuant to his responsibilities under the Town Administrator's Position Description as adopted by the Board in July 2002. This was set forth at the beginning of the memorandum. (Certified Record of Proceedings Exhibit N). Mr. Racicot clearly stated that all elected officials, volunteers and staff "performing official duties in the Town of Rockport serve the public". This public service requires treating the citizens and people coming before the Board or Commission with respect and civility. Disrespect and rudeness are not and will not be tolerated. He stated that Mr. Tarr had shown a pattern of rudeness to the people who came before the Commission. Mr. Tarr had shown disdain and contempt for people with whom he disagreed. The memorandum stated that Mr. Tarr had displayed this rude, offensive and inappropriate behavior on multiple occasions and over an extended period of time. Mr. Racicot stated in the memorandum: "We don't expect perfection from our officials, but we do expect polite and reasonable behavior, behavior consistent with civilized conduct. Based on what has been clearly shown as a continuing pattern of public mistreatment, it is my recommendation that the Board sends a clear message to all other officials in the [Rockport] community and removes Mr. Tarr from the Rockport Conservation Commission."

On July 6, 2004, the Board conducted a public hearing, at the request of Frederick H. Tarr III. (Certified Record of Proceedings Exhibit O)[2] to receive evidence in order to decide and vote on whether or not to remove Mr. Tarr as a member of the Conservation Commission for cause pursuant to M.G.L. c 40 § 8C. The above Record documents were offered at the hearing. Mr. Tarr

[2]Under M.G.L. c. 39 §23B, the plaintiff could request the Board to hold an open meeting. Such right was contained within the Notice to the plaintiff. (Certified Record of Proceedings Exhibit M).

attended the hearing and stated his side of the complaints made against him. He admitted the death penalty remark, but claimed it was a facetious comment. He denied that he was intentionally rude or insulting.

The meeting minutes state that Elaine Clark, a Rockport citizen stated that Mr. Tarr has made "unwise remarks" for which he should be admonished but not removed. Ms. Alfieri thought Mr. Tarr's comments were inappropriate. The minutes show that Andy Heinze, a Commission member, stated "that he has been at many meetings where Mr. Tarr has made inappropriate comments". The thrust of many of the comments of the people who spoke at the Board meeting, as contained in the minutes, is that Mr. Tarr's service on the Conservation Commission should somehow outweigh and/or excuse his rude and inappropriate comments and behavior. Mr. Tarr's own statements that he did not **mean** to offend anyone or that he never **intended** to insult anyone, that his statements were not always politically correct, but most people are used to him, clearly showed that Mr. Tarr tacitly recognized that his comments and behavior were rude, offensive and inappropriate, and his behavior had simply been tolerated over time without accountability. The Board members closed the hearing, after which they deliberated and voted to remove the plaintiff Frederick H. Tarr III as a member of the Rockport Conservation Commission for cause under M.G.L. c. 40 § 8C based on "a continuing pattern of inappropriate behavior . . . ."

## III. ARGUMENT.

### A. BOARD PROPERLY VOTED TO REMOVE THE PLAINTIFF.

In an action for certiorari review under M.G.L. c. 249 § 4, the court makes its determination based on the Certified Record of Proceedings filed in the action pursuant to Massachusetts Superior Court Standing Order 1 - 96. See *Board of Selectmen of Oxford v. Civil Service Commission* 37 MA

App. Ct. 587, 588 n. 4 (1994) and *Police Comm'r of Boston v. Robinson*, 47 MA App. Ct. 767, 770, 775 (1999). The defendants filed herewith the Certified Record of Proceedings and referred to the same within this Memorandum of Law. The purpose of an action in the nature of certiorari is "to correct substantial errors of law apparent on the record adversely affecting material rights" *Commissioners of Civil Service v. Municipal Court of Boston*, 369 Mass. 84, 90 (1975) (citations omitted).

Under M.G.L. c. 40 § 8C, the Board of Selectmen of the Town of Rockport, the appointing authority, may remove a Conservation Commission member for cause after a public hearing. The standard for review in a certiorari review case may vary according to the nature of the action for which review is sought. See *McSweeney v. Town Manager of Lexington*, 379 Mass. 794, 800 (1980). The court in *McSweeney*, supra, stated that "in a decision of removal 'for cause' the standard of review is to determine whether the decision was arbitrary or capricious. Under this standard [i]f the cause assigned is a reasonable one, then whether under the circumstances it is sufficient to justify a removal, is for the [executive] to decide and his decision is final." *Levy v. The Acting Governor*, 436 Mass. 736 at 746 (2002) citing *Ayers v. Hatch* 175 Mass. 489, at 494 (1900). "A decision is not arbitrary and capricious unless there is no ground which 'reasonable' men might deem proper to support it". *T.D.J. Dev. Corp. v. Conservation Comm'n of N. Andover*, 36 Mass. App. Ct. 124, 128-129 (1990). Here, the action under review is the Board's decision to remove the plaintiff as a member of the Rockport Conservation Commission because of his continuing pattern of rude, offensive and inappropriate behavior in public office. The evidence proffered at the public hearing and contained in the Certified Record of Proceedings shows that the Board's vote to remove Mr. Tarr was reasonable and based on sufficient evidence. The test is not whether the court would reach the

same result as the Board. "Rather '[t]he decision of the board can be disturbed only if it is based on a legally untenable ground or is unreasonable, whimsical, capricious or arbitrary' . . . ." *Forsyth School for Dental Hygienists v. Board of Registration in Dentistry*, 404 Mass. 211 at 218 (1989) citing *Gulf Oil Corp. v. Board of Appeals Framingham*, 355 Mass. 275 at 277 (1969). "[A] reviewing court is not empowered to determine the facts anew, or to judge credibility, or to draw different inferences from the facts found." *Police Comm'r of the City of Boston v. Personnel Adm'r of Dept. Personel Admin.*, 39 MA. App. Ct. 360 at 364 n. 4 (1995) citing *Embers of Salisbury, Inc. v. Alcoholic Beverage Control Comm'n*, 401 Mass. 526, 529 (1988). The Board, not the court, is the sole judge of the credibility and weight of evidence before it during the administrative proceedings. See *Embers of Salisbury, Inc.*, supra at 529 and *Number Three Lounge, Inc. v. Alcoholic Beverages Control Comm'n*, 7 Mass. App. Ct. 301, 309. "A court may not displace an administrative board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo". *School Comm. Of Wellesley v. Labor Relations Comm.*, 376 Mass. 112, 120 (1978). The function of the court acting pursuant to M.G.L. c. 249 §4 is 'not to reverse or revise findings of fact, but to correct errors of law. *Boston Police Comm'r v. Robinson, 47 MA. App. Ct. 767, 770* citing *Johnson Products, Inc. V. City Counsel of Medford*, 353 Mass. 540, 541, 2 (1968).

The letters, e-mail communications, newspaper articles, memorandum and the Board's minutes of meetings as contained in the Certified Record of Proceedings are sufficient evidence to support the Board's decision. The Board may base its decision "on written information, testimony or general knowledge on which a reasonable person would rely." *Forsythe School for Dental Hygienists*, supra at 219. In *Waters v. Churchill*, 511 U.S. 675, 114 S.Ct. 1878 at 1888 (1994), the

Supreme Court stated "[a] manager may legitimately want to discipline an employee based on complaints by patrons that the employee has been rude, even though these complaints are hearsay. The Board could reasonably rely on the documents and information contained in the Certified Record of Proceedings.

Although, the defendants argue that the applicable standard of review for the Board's decision to remove plaintiff Frederick H. Tarr III for cause is the aforementioned arbitrary and capricious standard, the defendants respectfully assert that the Board's decision also meets the "substantial evidence" standard discussed in *Levy v. The Acting Governor*, 436 Mass. 736 at 745-746 (2002). The court defined the substantial evidence test as evidence that a reasonable mind might accept as adequate to support a conclusion (citing M.G.L. c. 30A § 6). The pattern of rude and inappropriate behavior by the plaintiff in his public office, as a member of the Conservation Commission is evidence that a reasonable mind might accept as adequate to remove Mr. Tarr. The rude and inappropriate comments as described in the documents contained in the Certified Record of Proceedings clearly amount to substantial evidence. Furthermore, the plaintiff's attempts to justify or excuse the rude or inappropriate comments or to downplay the importance of requiring respectful and civil treatment of citizens in his response to the Board's proceedings in this matter would not reasonably instill confidence on the part of the Board members that Mr. Tarr would, in the future, speak and behave with respect and civility in the discharge of his public duties if he remained a Commission member. Mr. Tarr stated, as recorded in the Board Meeting Minutes of July 6, 2004 (Certified Record of Proceedings Exhibit O), that he would try to be more politically correct, but was not sure if it would work or not. The Board acted properly within their authority when they voted to remove Mr. Tarr from the Commission with cause.

**B. DEFENDANTS TOWN OF ROCKPORT AND MICHAEL RACICOT.**

In the plaintiff's action for Certiorari under M.G.L. c. 249 § 4, the administrative decision under review is the decision by the Rockport Board of Selectmen, the appointing authority, to remove the plaintiff with cause from membership on the Commission pursuant to M.G.L. c. 40 §8C. Accordingly, the Defendants, Town of Rockport and Michael Racicot are not subject to the action for certiorari review. Therefore, in addition to the reasons proffered to dismiss the plaintiff's action for certiorari review against all the defendants as argued hereinabove, the Town of Rockport and Michael Racicot ought to be dismissed as defendants because they did not make the decision under review.

**C. CLAIM FOR ATTORNEY'S FEES AND COSTS.**

***(i)* ATTORNEY'S FEES.**

Even though the defendants assert that the plaintiff should not prevail in his claim for certiorari review, the defendants address the plaintiff's claim for attorney's fees and costs. The usual rule in Massachusetts is to prohibit successful litigants from recovering their attorney's fees and expenses except in a very limited class of cases. This rule is known as the "American Rule". *Preferred Mutual Ins. Co v. Gamache*, 426 Mass. 93, 95 (1997) citing *Waldman v. American Honda Motor Co.*, 413 Mass. 320, 321 - 323 (1992). A plaintiff may not recover attorney's fees in a civil case, except (1) where the parties agree or stipulate to same; (2) a statute or rule expressly provides attorney's fees and expenses or (3) exceptional circumstances exist. *Bournewood Hospital, Inc. v. M.C.A.D.*, 371 Mass. 303, 308 (1976). In an action for certiorari under M.G.L. c. 249 § 4, the statute does not expressly provide for attorney's fees, nor does it expressly provide for costs. Clearly there is no agreement between the parties which requires the defendants to pay the plaintiff attorney's fees.

In the action of *Chartland v. Riley*, 354 Mass. 242 (1968), the plaintiff requested reinstatement, damages and attorney's fees from the defendant, as Registrar of Motor Vehicles, as a result of an alleged improper discharge of the plaintiff from employment at the Massachusetts Registry of Motor Vehicles. The plaintiff's action was in the nature of mandamus under M.G.L. c. 249 § 5. The court held that the plaintiff was not entitled to recover attorney's fees from the defendant. In *Bournewood* [supra}, the intervenor, Silverberg, brought an employment discrimination claim against Bournewood Hospital, Inc. ("Bournewood") at the M.C.A.D. under M.G.L. c. 151B. The M.C.A.D. awarded Ms. Silverberg attorney's fees against Bournewood who in turn appealed such fee award under M.G.L. c. 151B § 6. The court reversed the M.C.A.D. order related to the award of attorney's fees. The court stated "[t]he most persuasive point made by either party . . . is that c. 151B § 5 does not explicitly grant the M.C.A.D. the power to make counsel fee awards". (at p. 309). The court construed "the Legislature's silence as signifying its intention that the M.C.A.D. not be authorized to award attorney's fees in employment discrimination cases . . . ." (at page 310). In *Harrison v. Textron, Inc.*, 367 Mass. 540 (1975), the plaintiff sought various forms of equitable relief (including certiorari) in regards to residentially zoned property in Braintree, Massachusetts used for vehicular access to industrially zoned land. The plaintiff claimed attorney's fees as part of the requested relief. The court held that the plaintiff was not entitled to recover attorney's fees. "Since our decision in the *Chartrand* [supra] case, we have indicated that counsel fees are not recoverable in a variety of situations." (at page 554). ". . . The plaintiff's counsel fees and expenses (other than statutory costs) in the various proceedings in this action, other than the nuisance actions, fall within the general rule of the *Chartland* case." (at page 555). The court cited: *Wachusett Regional School District Com. v. Erickson* 354 Mass. 768 (1968) an action in equity - attorney's fees denied; *Ellis v. Board of*

*Selectmen of Barnstable*, 361 Mass. 795 (1972) claims for declaratory relief under G.L. c. 231A - attorney's fees denied; *United Tool & Industrial Supply Co. , Inc. v. Torrisi*, 359 Mass. 197 (1971) claim for equitable relief in Probate Court - attorney's fees denied.

Under F.R.C.P. Rule 54(d)(2)(A) the plaintiff's claims for attorney's fees and related non-taxable expenses shall be made by motion . . . ." Section (2)(B) requires the plaintiff to specify the statute, rule or other grounds entitling him to an attorney fee award. The defendants argue that there is no statute, rule or authority to support a claim for attorney's fees in an action for certiorari.

The defendants respectfully assert in this action for certiorari under M.G.L. c. 249 § 4, that the plaintiff, Frederick H. Tarr III is not entitled to recover attorney's fees.

***(ii)* COSTS.**

As stated above, the defendants expect to prevail in this action. Notwithstanding, the defendants address the plaintiff's claim for costs. The defendants state that the plaintiff is not entitled to recover costs against the defendants in this action for Certiorari. Although F.R.C.P. Rule 54(d)(1) permits the prevailing party to recover costs, the rule excludes costs against the United States, its officers or agencies unless permitted by law. A similar exclusion applies in the Massachusetts Rules of Civil Procedure Rule 54(d) to the Commonwealth of Massachusetts, its officers or agencies. See *Ware v. Comm.*, 409 Mass. 89 (1991). In *Edmonds v. City of Worcester*, 1996 Mass. App. Div. 181 (1996), the Appellate Division ruled that costs are not recoverable against a municipality in a civil suit. Accordingly, the defendants respectfully assert that the plaintiff is not entitled to recover costs in this action.

## IV. CONCLUSION

The Certified Record of Proceedings show that the Rockport Board of Selectmen had

sufficient evidence to support its vote to remove Frederick H. Tarr III as a member of the Rockport Conservation Commission for cause under M.G.L. c. 40 § 8C. The Board's decision was not arbitrary or capricious. Moreover, even if the court imposed the substantial evidence standard, the Defendants argue that the Board's decision was based on evidence that a reasonable mind might accept as adequate to support the vote to remove Mr. Tarr from membership on the Rockport Conservation Commission. The Board did not commit an error of law when it voted to remove Mr. Tarr and therefore he is not entitled to relief in this action for certiorari. Accordingly, the Defendants respectfully request the court to dismiss with prejudice the plaintiff's action for certiorari under M.G.L. c. 249 § 4.

THE DEFENDANTS,
By their attorney,

Gerald F. Blair

Gerald F. Blair
The Law Offices of Gerald F. Blair
One Foxhill Drive, Suite 110
Walpole, MA 02081-4406
Tel (508) 660-9599 Fax (508) 660-9555
B.B.O. #044760

**CERTIFICATE OF SERVICE**

I hereby certify that the Memorandum in Support of Defendants' Motion for Partial Judgment on the Pleadings Regarding Certiorari Review under F.R.C.P. Rule 12(c) were served upon John L. Hamilton, Esquire, 10 Lee Park, South Hamilton, MA 01982 and Philip D. Moran, Esquire, Philip D. Moran, P.C., 265 Essex Street, Suite 202, Salem, MA 01970 attorneys for the plaintiff/opposing party by mailing a copy of same, postage prepaid and via first class mail.

Date: Sept 9, 2005 Gerald F. Blair

Gerald F. Blair