UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Docket No. 04-12091-NMG

FREDERICK H. TARR
Plaintiff

v.

TOWN OF ROCKPORT, MICHAEL
RACICOT, NICOLA BARLETTA,
CHARLES CLARK, ROXANNE TIERI
and JOANNE WILE
Defendants

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTIORARI REVIEW UNDER F.R.C.P. RULE 12 (c)

Now comes the Plaintiff, Frederick H. Tarr, III, and respectfully moves this Honorable Court to deny Defendant's Motion for Partial Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure Rule 12 (c) with respect to Count II of his Complaint asserting his rights under M.G.L. Chapter 249, sec. 4.

For reasons therefor, the Defendants in their Motion for Partial Judgment with respect to Counts I, III, IV and V of the Complaint, as well as their Fifth Defense in their Answer to the Complaint, repeatedly assert that Plaintiff has an adequate State remedy, namely Count II with an action in certiorari under M.G.L. Chapter 249, sec. 4.

Further, in order to overcome a Motion for Summary Judgment with respect to said count, it is incumbent upon the Plaintiff to show that the court needs to correct an error of law, in other words, that the decision by the Rockport Board of Selectmen was based on a legally untenable ground, was unreasonable, whimsical, arbitrary or capricious.

Plaintiff would assert that a review of the Certified Record of Proceedings by the Keeper of the Record of the Town of Rockport Board of Selectmen clearly shows that there was a violation of the Open Meeting Law of the Commonwealth by virtue of the letter he received from Michael J. Racicot, Town Administrator (Exhibit M to Certified Record), which indicated that the Board of Selectmen would be considering other alleged incidents which he proceeded to list. Nowhere is there any indication of any action at either of the previous Board of Selectmen meetings that anything other than one

incident and one complaint would be considered by the Board of Selectmen with this letter. In addition, Mr. Tarr was not allowed to see any of the hearsay evidence prior to the meeting. If indeed the Board of Selectmen agreed to add these additional charges, all, by the way, dated after the initial Board of Selectmen hearing date of June 8, 2004, there is no record of it in any of the certified record presented to this Court.

    Equally important and a violation of law that needs to be corrected is the fact that all of the evidence considered by the Board of Selectmen was hearsay. This is a clear violation of the laws of the Commonwealth with regard to the admission of evidence at administrative hearings under the so-called "Legal Residuum Rule".

                                Frederick H. Tarr, III
                                Plaintiff
                                by his Attorney,

                                */s/ Philip D. Moran*
                                PHILIP D. MORAN, ESQ.
                                265 Essex Street
                                Suite 202
                                Salem, MA 01970
                                (978) 745-6085
                                B.B.O.#: 353920

Dated: September 20, 2005