UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No. 04-12091-N[illegible]G**

| |
|---|
| **FREDERICK H. TARR, III,**<br>**Plaintiff**<br>**v.**<br><br>**TOWN OF ROCKPORT, MICHAEL RACICOT, NICOLA BARLETTA, CHARLES CLARK, ROXANNE TIERI and JOANNE WILE,**<br>**Defendant** |

# DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTIORARI REVIEW UNDER F.R.C.P. RULE 12(c)

The Defendants herewith submit this Supplemental Memorandum in order to res[illegible]d and refute the Plaintiff's Opposition and Plaintiff's Memorandum in Support of Plain[illegible]'s Opposition to Defendants' Motion for Partial Summary Judgment on the Pleadings Rega[illegible]g Certiorari Review under F.R.C.P. Rule 12(c) [sic].

## I. LEGAL RESIDUUM RULE.

The Plaintiff argues in his Opposition that the evidence within the Certified Reco[illegible]of Proceedings which supports the administrative decision of the Board of Selectmen (herein[illegible]er "Board") to remove the Plaintiff Frederick H. Tarr III from the Rockport Conserv[illegible]n Commission was exclusively hearsay. The Plaintiff further argues that the "Legal Resid[illegible]m Rule" invalidates an administrative decision which is only supported by hearsay or other le[illegible]ly incompetent evidence. He cites *Sinclair v. Director of Division of Employment Security,* [illegible]1

Mass. 101 (1954). This decision involved denial of unemployment benefits based on plain ?'s alleged failure to conform to the employer's policy to ring up all sales in the cash register he time of the sale. The only evidence to show the employee's violation was multiple laye of hearsay by persons without personal knowledge. In *Embers of Salisbury, Inc. vs. Alco ic Beverages Control Commission*, 401 Mass. 526 (1988) , the court clarified the *Sinclair*, s a, decision. "Although in that [Sinclair] case we said that '[i]f the pertinent evidence is exclus ly hearsay, that does not constitute substantial evidence even before an administrative trib ıl. *Sinclair,* supra, at 103, the line we were drawing was not between evidence admissible in a ırt and evidence that is inadmissible because of the rules of evidence observed by courts ut between evidence having indicia of reliability and probative value and that which does n ... This was not a blanket rejection by the Court of administrative reliance on hearsay irrespe /e of reliability and probative value" at p. 530. More recently, the Massachusetts Supreme Juc al Court stated in *Covell v. Department of Social Services*, 439 Mass. 766 (2003) "[w]e r ct Covell's suggestion that the evidence of abuse can not be 'substantial' because [victi s] statements were presented only through hearsay sources. . . . Substantial evidence may be t :d on hearsay alone if that hearsay has 'indicia of reliability'. *Embers of Salisbury, Inc.* [sup ." at p. 785-786. "While live testimony may provide the optimal opportunity for the assess: at of credibility, the fact that parties before an agency have differing versions of critical events :s not make live testimony the sine qua non for satisfying the substantial evidence test." at p. 7. The *Covell*, supra, decision effectively overruled the *Sinclair*, supra, decision.

The Defendants point out that the evidence considered by the Board was not exclus ly hearsay evidence. As noted in the June 8, 2004 meeting minutes (Exhibit C, p. 1). E rd Chairman Roxanne Tieri attended the Conservation Commission meeting of May 19, 2004 ne plaintiff testified at the Board meetings of June 8, 2004 and July 6, 2004. Conserv on Commission member Andy Heinze attended the July 6, 2004 meeting and stated that he has en at many meetings where Mr. Tarr has made inappropriate comments. "Mr. Tarr does no te his tongue when he is bothered, he says what he feels." The letters and e-mail of Rocl rt citizens, Exhibits A, H, I and J described first-hand experiences and observation that eacl ad or made regarding Mr. Tarr's behavior. This is different from the multi-level hearsay staten ts contained in the case of *Sinclair v. Direction of Division of Employment Security*, supra.

The Defendants argue that the totality of the Certified Record of Proceedings is evid ce which has indicia of reliability and probative value. This is substantial evidence to esta sh "cause" for removal and thereby supports the Board's decision to remove the plaintiff fro ne Rockport Conservation Commission. [1]

## II. OPEN MEETING LAW.

The Plaintiff made the bald assertion in his Opposition to Defendants' Motion an is Memorandum in Support of Plaintiff's Opposition, that the Defendants committed a viol on of the Open Meeting Law. (M.G.L.A.c. 39 §23B). This is a patently false statement. ne

---

[1] The Defendants assert that the standard of review to determine whether "cause" was establishe the arbitrary and capricious standard. See Defendants' Memorandum in Support of Defendants' Motion Partial Judgment on the Pleadings Regarding Certiorari Review under F.R.C.P. Rule 12(c) at p. 8-9.

Plaintiff proffers no credible, probative or admissible evidence to support this alleg n. Instead, the Plaintiff fallaciously argues that the violation is shown "by virtue of the lett he received from Michael J. Racicot, Town Administrator (Exhibit M to Certified Reco of Proceedings) which indicated that the Board of Selectmen would be considering other al ed incidents which he proceeded to list." The Plaintiff then erroneously stated "Nowhere is re any indication of any action at either of the previous Board of Selectmen Meetings that any ng other than one incident and one complaint would be considered by the Board of Selectmen th this letter".[2] The Exhibits in the Certified Record of Proceedings belie Mr. Tarr's asserti s.

The Notice dated June 1, 2004 to Mr. Tarr expressly states that on June 8, 2004 a me ng "under M.G.L. c. 39 §23B for the following reasons: to hear complaints or charges bro ht against a public officer, employee, staff member or individual. It has been reported that u, acting in your public capacity as a member of the Conservation Commission made extre ly inappropriate comments to attendees at a public hearing." The notice on its face did not nit the "complaints and charges" to the May 19, 2004 meeting. (Certified Record of Procee gs Exhibit B). At the public hearing on June 8, 2004, the Town Administrator explained t a public hearing opens the process to the public to testify to good qualities **as well as o er incidents that have happened. Mr. Tarr will be made aware of all charges prior to ne public hearing.** (Emphasis added). (Certified Record of Proceedings Exhibit C p. 2). Cle y, Mr. Tarr was placed on notice at the Board's June 8, 2004 meeting that other inciden or

---

[2] Plaintiff's Opposition p. 1-2.

charges may be considered in the hearing to decide whether or not to remove the Plaintiff m the Conservation Commission. Additional incidents and complaints were sent to the I rd between June 8, 2004 and the Board's meeting on July 6, 2004. (Certified Reco of Proceedings Exhibits H, I and J) It is disingenuous for the Plaintiff to argue to this Honc le Court that he was unaware that other complaints or charges may be included at the meeti of July 6, 2004. In the notice dated June 30, 2004, the Town Administrator listed the compl ts. The preface to the list stated "Examples of this type of behavior include, but are not limi to . . . ." This notice by the Town Administrator is consistent with and pursuant to th ob Responsibilities of the Rockport Town Administrator approved July 30, 2002 (Exh 1 Affidavit of Michael J. Racicot, Exhibit A attached hereto). It would appear that the lse supposition upon which Mr. Tarr relies is that the Board met on some undisclosed dat nd location and decided the agenda of the meeting or contents of the Notice to Mr. Tarr datec ne 30, 2004. In fact, the meeting agenda or contents of the hearing notice are matters that c be accomplished by the Town Administrator or the Board Chairman. Among the wn Administrator's Job Responsibilities is "5. The Town Administrator shall make procedur nd substantive preparation for the meetings of the Selectmen and shall anticipate the needs he Selectmen for information and background material for setting policy and making decis s." "6. The Town Administrator in consultation with the Chairman shall prepare the agen for meetings of the Board of Selectmen, bringing before the Board all matters requiring its att on and shall prepare and discuss recommendations and alternatives for decision-making." (E bit

1 Affidavit Exhibit A Position Description and Job Responsibilities p. 2). There are no fa to show that the Board violated the Open Meeting Law in this matter.

The other false allegation contained in Plaintiff's Opposition[3] is that "Mr. Tarr wa not allowed to see any of the hearsay evidence prior to the meeting."[4] The Town Adminis tor Michael J. Racicot avers in his Affidavit that neither he, nor any staff employee in his ce refused or failed to permit Mr. Tarr to inspect the letters or e-mail contained in the Cer ed Record of Proceedings (See Exhibit 1, par. 4-5). The Plaintiff fails to provide any details to se spurious claims. Moreover, the Plaintiff stated in his Memorandum "[b]y way of backgr nd, Mr. Tarr had held elective office in Rockport for almost thirty years, including seven ter as a selectmen, including a stint as Chairman, Chairman of the Planning Board, as well as se ng on countless boards and committees during that time. . . ."[5] Therefore, Mr. Tarr undoul dly knew that the exhibits contained in the Certified Record of Proceedings are public records der M.G.L. c. 4 §7 cl.26. If Mr. Tarr had made a request to inspect public records and if his re est was refused or denied, he could have made a petition to the Supervisor of Records for an der to the custodian of such records (i.e. Town Administrator Michael Racicot) pursuant to M .L. c. 66 §10. In turn, the Supervisor of Records can notify the Attorney General or the appro ate county district attorney for enforcement. In his Opposition, the Plaintiff, Mr. Tarr, do not

---

[3] at p. 2.

[4] The Plaintiff did not file an affidavit averring to this allegation and for that reason alone shou e disregarded.

[5] at p. 1.

allege that he made a request to inspect records or that he petitioned the supervisor of rec ds. As stated above, the Board's record keeper, Michael J. Racicot, denies that he refused or 1 ed to comply with a request of Mr. Tarr to inspect public records in this matter. Furthermore, he Plaintiff, as an experienced public official believed the Board violated the Open Meeting w, he could have lodged a complaint to the Essex County District Attorney. M.G.L. c. 39 B expressly states that a county district attorney enforces this law. Defendants are unaware c ny such complaint and Plaintiff makes no claim that he filed an Open Meeting Law complaint th the Essex District Attorney. It should be noted that Mr. Tarr wrote to the Board on July 6, )4 (the day of the hearing), in which he requested that "my hearing be public and that the pub be permitted to participate" (Record of Proceedings Exhibit 0). There is no claim or allegati in this letter that he was denied the opportunity to see public records. Similarly, there was no m that the Board violated the Open Meeting Law. The July 6, 2004 Board public meeting mi es and Executive Session meeting minutes do not contain any claim or statement by Mr. Tar at he was denied access to public records or that he accused the Board of violating the en Meeting Law. Are Mr. Tarr's claims that the Board violated his rights regarding access to p ic records and the Open Meeting Law credible? Given the fact that Frederick H. Tarr II as "almost thirty years" of public service experience and knowledge, who "does not bite his tc ie when he is bothered [and] he says what he feels"[6], it is highly unlikely that Mr. Tarr would ve remained silent both in his letter to the Board and at the public meeting on July 6,2004, ie

[6] Andy Heinze, member of the Rockport Conservation Commission, gave this description of Plaintiff, Mr. at the July 6, 2004 meeting. (Certified Record of Proceedings Exhibit P p.4).

believed that the Board violated his rights. The Defendants respectfully argue that the ( ırt should assign no weight or admissibility to the Plaintiff's specious unsworn allegations i ıis matter. Notwithstanding the above, the Defendants assert that the unsupported allegation ıat the Board violated the Open Meeting Law or Public Records Access Law do not , per se, mi ıte against the fact that the Board's decision was based on substantial evidence to establish ( se to remove the Plaintiff.

## III. CONCLUSION.

The Defendants respectfully assert that the Certified Record of Proceedings cons te reliable and probative evidence, despite the fact that some of it would be deemed hearsay. ıe Board decided that there was cause to remove the Plaintiff from the Conservation Comn ee based on substantial evidence. The Plaintiff proffered no admissible probative evidence to w that the Board committed an Open Meeting Law violation or Public Records access viol n. Moreover, the Defendants deny that they committed an Open Meeting Law and/or P ic Records access violation. The Plaintiff fails to establish that the Board committed a subst al error of law apparent in the record which adversely affected Mr. Tarr's rights. Accordingl ıe Plaintiff's claim for Certiorari Review ought to be dismissed with prejudice.

Respectfully submitted,
THE DEFENDANTS,
By their attorney,

Gerald F. Blair
The Law Offices of Gerald F. Blair
One Foxhill Drive, Suite 110
Walpole, MA 02081-4406
Tel (508) 660-9599 Fax (508) 660-9555
B.B.O. #044760

**CERTIFICATE OF SERVICE**

I hereby certify that the Defendants' Supplemental Memorandum in Support of Defenda Motion for Partial Judgment on the Pleadings Regarding Certiorari Review under F.R.C.P. F 12(c) and Affidavit of Michael J. Racicot Town Administrator of the Town of Rockport were ser upon John L. Hamilton, Esquire, 10 Lee Park, South Hamilton, MA 01982 and Philip D. Mo Esquire, Philip D. Moran, P.C., 265 Essex Street, Suite 202, Salem, MA 01970 attorneys for plaintiff/opposing party by mailing a copy of same, postage prepaid and via first class mail.

Date: Sept 28, 2005

Gerald F. Blair