United States District Court
District of Massachusetts

|  |  |
|---|---|
| FREDERICK H. TARR, III,<br><br>  Plaintiff,<br><br>  v.<br><br>TOWN OF ROCKPORT et al.,<br><br>  Defendants. | Civil Action No.<br>04-12091-NMG |

MEMORANDUM & ORDER

GORTON, J.

  This case arises out of events relating to the removal of the plaintiff, Frederick H. Tarr, III ("Tarr"), from his position on the Conservation Commission of the Town of Rockport ("the Town"). Tarr is a Rockport resident who was appointed to the Conservation Commission for a term of three years to expire on June 30, 2006.

I. **Background**

  Mr. Tarr was allegedly removed from his office for cause by the Town Board of Selectmen ("BOS") pursuant to Mass. Gen. Laws ch. 40, § 8C at a meeting held on July 6, 2004.[1] Shortly

---

[1] The statute, which deals generally with municipal conservation commissions, states that "[a]ny member of a commission ... may, after a public hearing, if requested, be removed for cause by the appointing authority".

-1-

thereafter, he filed a complaint in Essex Superior Court against the Town, the Town Administrator, Michael Racicot, and four members of the BOS, Nicola A. Barletta, Roxanne Tieri, Charles Clark and Joanne Wile. His complaint states that the action is brought pursuant to Mass. Gen. Laws ch. 249, § 4 (hereinafter "Section 4") which provides a right of action "in the nature of certiorari to correct errors in proceedings which are not otherwise reviewable by motion or by appeal". In further support of his claim, he alleges five counts: 1) denial of due process, 2) inadequacy, insufficiency, illegality and absence of evidence, 3) suppression of free speech, 4) misfeasance and 5) malfeasance. Tarr also alleges that he received inadequate notice of the meeting at which he was removed, that the evidence relied upon by the BOS was inadequate and inappropriate and that a majority of the BOS was motivated by political and personal bias against him.

Defendants removed the case to federal court on the basis of federal question jurisdiction. There is no diversity of citizenship. Defendants have subsequently filed two separate motions for judgment on the pleadings. In the first, they challenge plaintiff's due process claim on the grounds that 1) Section 4 provides an adequate post-deprivation remedy, 2) the Town is not subject to liability in this context, 3) the individual defendants are entitled to qualified immunity defenses and 4) Tarr received adequate due process. With respect to

Tarr's claim for suppression of speech, defendants contend that he fails to state a claim and that, in any event, the Town and individual defendants are not liable for the same reasons stated in response to the due process claim. Finally, defendants argue that the allegations of misfeasance and malfeasance are essentially negligence claims which must be brought under the Massachusetts Tort Claims Act.

In their second motion, defendants maintain that Tarr's claim challenging the evidentiary basis for his removal should be dismissed pursuant to review under Section 4. The sum of defendants' two motions constitutes a motion for judgment on the pleadings as to the entire case.

In his opposition to defendants' first motion for judgment on the pleadings, Tarr asserts that he has not breached the post-deprivation-remedy requirement because his complaint is brought solely pursuant to Section 4 and that "[r]eview under that statute and relief under that statute are all that plaintiff seeks and such is obvious from a plain reading of the entire complaint". Tarr explains further that each of the five counts set forth in the complaint

> describes a set of circumstances which the plaintiff alleges as a defect in the proceedings by the Board of Selectmen and asserts to be [sic] grounds for judicial action to quash the decision of the Board of Selectmen or to grant other relief under the <u>certiorari</u> statute [i.e., Section 4].

After reviewing the parties' pleadings and court papers, the

Court became concerned that it lacked subject matter jurisdiction to consider this case. Accordingly, the Court requested that the parties explain their positions on jurisdiction at an ad hoc hearing held on Thursday, November 17, 2005.

At the hearing, both parties conceded that Tarr no longer alleges any federal claims. Defendants, nonetheless, request that the Court exercise its discretion to retain jurisdiction. For the reasons set forth below, the Court declines that request and chooses to remand the case to state court.

## II. **Analysis**

Although neither party expressly raised the issue of subject matter jurisdiction, it is appropriate for the Court to do so sua sponte. See, e.g., Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993); Fed. R. Civ. P. 12(h)(3).

Under 28 U.S.C. § 1441(b), a civil case may be removed from state to federal court regardless of the parties' citizenship where "the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States". The federal claim or issue must be apparent on the face of a properly pled complaint. See, e.g., Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 56 (1st Cir. 2005). The propriety of removal jurisdiction is determined as of

the time of removal. See Massachusetts v. V & M Mgmt., Inc., 929 F.2d 830, 834 (1st Cir. 1991); Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990) (citing cases).

In this case, removal was proper because Tarr's allegations of denial of due process and suppression of speech were sufficient to state federal claims even though the complaint did not refer explicitly to 42 U.S.C. § 1983, the appropriate statutory vehicle for allegations of constitutional violations. See Hood v. City of Boston, 891 F. Supp. 51, 53-54 (D. Mass. 1995) (finding removal proper in a similar context). Cf. Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1 (1st Cir. 2004) (holding that removal was plainly erroneous where the complaint, read as a whole, stated claims under the constitution of Puerto Rico but not the United States, and where, furthermore, concerns of federalism militated against federal court intervention into a local election dispute). Since this case was removed, however, it has become clear to the Court that the plaintiff has not, in fact, alleged any federal claims.

Because the Court had subject matter jurisdiction at the time of removal, its decision whether or not to remand the case to state court is discretionary, not mandatory. Compare Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), and V & M Mgmt., 929 F.2d at 834-35 (quoting Ching, 921 F.2d at 14), with Rossello-Gonzalez, supra. In exercising such discretion, courts

are to account for "concerns of comity, judicial economy, convenience, fairness, and the like". Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996) (citations omitted). While the assessment is to be "pragmatic and case-specific", id., the Supreme Court has instructed, in the context of pendent jurisdiction, that

> in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.

Carnegie-Mellon, 484 U.S. at 350 n.7.

Consideration of the relevant factors supports a decision to remand this case to state court. First, there is no evidence that the plaintiff sought to alter his complaint in order to deprive defendants of a federal forum. See id. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.").

Second, the litigation has not proceeded to a stage where remand would cause undue delay or duplicative effort. Cf. Roche, 81 F.3d at 257 (affirming a district court's decision to hear pendent state-law claims after granting summary judgment on the sole federal claim on the grounds that the litigation was far along, discovery was complete and the state-law claims were interconnected to the federal claim on which the court had already issued a decision). This Court has not ruled on

-6-

defendants' motions for judgment on the pleadings and defendants' counsel concedes that minimal extra work would be required in order to file the same dispositive motions in state court.

Finally, a Massachusetts state court is the more appropriate forum for considering the underlying complaint in which the plaintiff has challenged, pursuant to state law, the decision of a municipal body to remove an appointed public official.  In light of the preceding assessment, the small margin of efficiency to be achieved by this Court's retention of the case is outweighed by the countervailing considerations in support of remand.

### ORDER

In accordance with the foregoing memorandum, Defendants' Motion for Partial Judgment on the Pleadings Under F.R.C.P. Rule 12(c) (Docket No. 9) and Defendants' Motion for Partial Judgment on the Pleadings Regarding Certiorari Review Under F.R.C.P. Rule 12(c) (Docket No. 16) are **DENIED**, as moot, and this case is **REMANDED** to the Essex Superior Court, Department of the Trial Court of Massachusetts.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: November 22, 2005

-7-